IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SUMMIT METALS, INC., | ) Bank. No. 98-2870(KJC) |
| | ) |
| Debtor. | ) |
| | |
| AMBROSE M. RICHARDSON, III, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Civ. No. 09-256-SLR |
| | ) |
| CHAPTER 11 LIQUIDATING | ) |
| TRUSTEE, | ) |
| | ) |
| Appellee. | ) |

## MEMORANDUM ORDER

At Wilmington this 23rd day of March, 2011, having reviewed the appeal filed by Ambrose M. Richardson, III ("appellant") and the papers submitted in connection therewith;

IT IS ORDERED that said appeal is denied and the March 4, 2009 oral opinion of the bankruptcy court is affirmed, for the reasons that follow:

1. **Standard of review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. *See Am. Flint*

*Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. *In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Background.** On December 30, 1998, Summit Metals, Inc. ("the debtor") filed a voluntary petition for reorganization under chapter 11, title 11 of the United States Code, 11 U.S.C. §§ 101-1532. At the time, the debtor had no operations or assets other than possible claims against Richard E. Gray ("Gray") and various other entities owned by, or affiliated with, Gray. A chapter 11 trustee was appointed in November 2004.

3. The Official Committee of Unsecured Creditors instituted litigation against Gray and various entities in 1999. The litigation was removed to this court and, ultimately, judgment was entered against Gray and various of the entities, in favor of the debtor, in an amount in excess of $40,000,000 ("the Gray judgment"). In November

2006, Gray sought relief from the judgment against him pursuant to Fed. R. Civ. P. 60(b).

4. The bankruptcy court confirmed the Second Amended Liquidating Plan of the chapter 11 trustee in August 2007. The chapter 11 trustee became liquidating trustee ("the appellee") pursuant to, and as defined in, the plan.

5. Over the period of several years, appellee and the debtor conducted substantial due diligence in order to determine whether additional amounts due to the debtor could be collected, including the taking of depositions and Rule 2004 examinations of Gray, pursuing written discovery, and hiring independent collection professionals. In addition, appellee sought to retain counsel to pursue the Gray judgment on a contingency fee basis, as well as attempted to sell and/or assign the Gray judgment.

6. In March 2008, this court denied Gray's Rule 60(b) motion,[1] a decision appealed by Gray to the United States Court of Appeals for the Third Circuit. Thereafter, the appellee and Gray engaged in negotiations to resolve the disputes between them. Pursuant to the settlement agreement reached by the parties ("the Agreement"), Gray agreed to pay appellee $100,000 in full and complete satisfaction and discharge of the Gray judgment. The bankruptcy court granted the appellee's Rule 9019 motion in this regard in its March 4, 2009 oral opinion, at issue.

7. **Analysis.** Under Bankruptcy Rule 9019, a bankruptcy judge has the authority to compromise a claim, provided that appropriate notice is given and the proposed

---

[1]The appellee also filed a Rule 60(b) motion to amend the Gray judgment, which motion was denied.

3

settlement is in the best interests of the estate. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986). In this regard, the Third Circuit has identified four factors a bankruptcy court should assess and balance: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interests of the creditors. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996).

8. The bankruptcy court, in its opinion at bar, concluded as follows:

> In reviewing the factors to be applied under *Martin*, it seems to me really the complexity and likelihood of success and collectability factors are all tied closely together. And there is just so much uncertainty in the pursuit of the collection of this judgment. I can certainly understand the Liquidating Trustee's business decision that it serves no further purpose to expend any more estate funds in pursuit of this collection, even if funds were available. Approving the settlement brings the matter, as has been testified, one step closer to conclusion, meaning the Chapter 11, and the completion of responsibilities under the plan. . . . Therefore, I do conclude that this proposed settlement falls above the lowest point in the range of reasonableness and I am prepared to approve it.

(D.I. 12 at TA 0157-58; see generally TA 0107-0164)

9. Appellant did not seek a stay pending appeal. Gray wire transferred $100,000 to appellee in July 2009; thereafter, the Agreement was substantially consummated.[2]

10. Appellant makes two arguments in support of his appeal. First, he argues that the Agreement amounted to a modification of the confirmed plan and, therefore, failed to meet the requirements of 11 U.S.C. § 1127(b) and (c). The plan, however, did

---

[2]Under the doctrine of equitable mootness, an appeal should be dismissed if the implementation of the requested relief would be inequitable. *See In re Continental Airlines*, 91 F.3d 553, 559 (3d Cir. 1996). Appellee argues that it would be inequitable for the court to attempt to unravel the Agreement under the facts at bar.

4

nothing more than report the intention of the liquidating trustee to pursue claims against, inter alia, Gray. There is nothing to suggest that such an intention obligates the liquidating trustee to pursue litigation without funding and without a reasonable expectation of success.

11. Second, appellant maintains his position that appellee should have further pursued collection efforts against Gray, as the probability of success was great, the difficulty of collection minimal, and the burdens of litigation of no concern (to be borne by an attorney working on a contingency basis). The record belies these conclusory characterizations, as held by the bankruptcy court.

12. **Conclusion.** Appellant has failed to demonstrate that the bankruptcy judge erred in his March 4, 2009 opinion, either in his findings of fact or in applying those facts to the law.

_____
United States District Judge